<u>**NOT FOR PUBLICATION**</u>

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

|  |  |
|---|---|
| CHRIS ANN JAYE, | |
| Plaintiff, | No. 21cv1566 (EP) (JBC) |
| v. | **OPINION** |
| GUBIR S. GREWAL, *et al.*, | |
| Defendants. | |

**PADIN, District Judge.**

This case is one of many state and federal actions filed by *pro se* Plaintiff Chris Ann Jaye ("Plaintiff" or "Jaye") stemming from a condominium fee and foreclosure dispute. Jaye is subject to a filing injunction in this District due to her persistence in filing "vexatious" and "duplicative" litigation regarding the dispute. No. 17cv5257, D.E.s 131, 132 (the "Filing Injunction").

On April 5, 2021, the Court ordered Jaye to show cause, in writing, why the action should not be dismissed in light of the Filing Injunction. D.E. 27. After Jaye unsuccessfully appealed the Court's April 5, 2021 Order, D.E. 51, and after failing to prosecute her case for over a year following the Third Circuit's dismissal of her appeal, on May 1, 2024, the Court ordered Jaye to comply with the April 5, 2021 Order to Show Cause by May 31, 2024, and warned Jaye that failure to timely comply may result in dismissal of her case. D.E. 54. Jaye has still not complied with the Court's Order to Show Cause and, therefore, the Court will **DISMISS** this case ***with prejudice*** for failure to prosecute and for failure to comply with the Court's orders, pursuant to Federal Rule of Civil Procedure 41(b).

## I.     BACKGROUND

Jaye's litigation regarding the condominium dispute began with state court actions.  The Oak Knoll Village Condominium Association (the "Association") and Jaye sued each other in state court.  The Association claimed unpaid condominium fees owed by Jaye (a condominium owner), and Jaye claimed damage to her unit and other misconduct by the Association.  Later, there was a foreclosure on Jaye's unit.

The state courts sided with the Association.  Jaye filed subsequent state actions, including suits against the state court judges that ruled against her.  Jaye then filed federal lawsuits that included a sprawling list of defendants, including judges and lawyers.  The Court is aware of eight lawsuits filed by Jaye, including this one, in this District alleging a "vast conspiracy among members of the federal and New Jersey judiciaries, government, private companies, and their employees," *Jaye v. United States*, No. 21cv13126, D.E. 15 at 1, all tracing back to the condominium dispute.[1]

Jaye has filed many vexatious and duplicative lawsuits in state and federal courts.  The Court does not endeavor to catalog all of the many proceedings Jaye initiated, but highlights cases in this District leading to the Filing Injunction against Jaye and subsequent cases addressing Jaye's litigation conduct.

### A.     Cases Leading to the Filing Injunction

On December 2, 2014, Jaye filed a suit in this District against numerous New Jersey officials and state personnel, seeking injunctive and declaratory relief relating to her state court actions.  No. 14cv7471, D.E. 1.  The Court ultimately dismissed the case for failure to state a claim.

---

[1] *Jaye v. Hoffman*, No. 14cv7471; *Jaye v. Oak Knoll Vill. Condo. Owners Ass'n*, No. 15cv8324; *Jaye v. Hoffman*, No. 16cv7771; *Jaye v. Shipp*, No. 17cv5257; *Jaye v. Knuckles, Komosinski & Manfro, LLP*, No. 21cv11546; *Jaye v. Grewal*, No. 21cv1566; *Jaye v. United States*, No. 21cv13126; *Jaye v. United States*, No. 22cv35.

No. 14cv7471, D.E. 64.  The Third Circuit affirmed, noting *inter alia* that Jaye "essentially sought to relitigate issues the District Court had already decided."  *Jaye v. Att'y Gen. New Jersey*, 706 F. App'x 781, 784 (3d Cir. 2017).  The Court even took the step of ordering that Defendants need not respond to Plaintiff's submissions unless directed otherwise by the Court.  No. 14cv7471, D.E. 92.

On November 30, 2015, Jaye filed a lawsuit in this District against the Association and others (including defendants in the 14cv7471 action), alleging, *inter alia*, violations of the Racketeer Influenced and Corrupt Organization Act ("RICO").  No. 15cv8324, D.E. 1.  After analyzing fifteen motions to dismiss, the Court dismissed that case with prejudice.  No. 15cv8324, D.E.s 305, 306.  The Court warned Jaye that "false statements and reckless accusations of misconduct against Defendants in the face of clear evidence to the contrary are potential grounds for sanctions against [her]."  No. 15cv8324, D.E. 305 at 11 n.11.

On appeal of the 15cv8324 matter, the Third Circuit warned Jaye that if "she continue[d] to make disparaging remarks against opposing parties, counsel, or judges or allegations of criminal behavior or other wrongdoing by persons involved in the litigation that are not supported by clear evidence, she [would] be subject to sanctions, including monetary fines."  *Jaye v. Oak Knoll Vill. Condo. Owners Ass'n*, 751 Fed. App'x 293, 300 (3d Cir. 2018).  Jaye ignored the Third Circuit's admonition and, as a result, the Third Circuit entered an Order imposing a monetary fine of $1,000 for failure to adhere to "prior admonitions, and [Jaye's] continued, unwarranted attacks on opposing counsel, judges, and court staff . . . ," ordering the Clerk's Office not to accept any further filings from Plaintiff, and directing appellees not to file responsive documents unless the Court orders otherwise.  Civ. No. 18-2197, Order at 2 (3d Cir. Aug 1, 2019).

On October 24, 2016, Jaye filed another case in this District against various New Jersey officials and others, alleging that they violated her civil rights by refusing to correctly apply the

law to her dispute.  No. 16cv7771, D.E. 1.  The Court dismissed the case with prejudice, No. 16cv7771, D.E. 81, and denied Jaye's subsequent motions to reopen the case, No. 16cv7771, D.E. 130.  Here too, the Court ordered that Defendants had no further obligation to respond to Plaintiff's submissions unless directed otherwise by the Court.  No. 16cv7771, D.E. 116.

**B.  The Filing Injunction**

On July 18, 2017, in Jaye's fourth lawsuit relating to the condominium dispute in this District, Plaintiff sued New Jersey officials and the federal judges who previously dismissed her federal actions, alleging that they deprived her of her civil rights.  No. 17cv5257, D.E. 1.

The Court found that Jaye's complaint was an attempt to relitigate issues already decided in previous cases, and that it otherwise failed to state a claim.  No. 17cv5257, D.E. 118.  The Court explained:

> Plaintiff's repeated attempts to create a new controversy by suing a presiding judge, or by attempting to make an appellate issue out of long-settled law, or by reigniting an old controversy by wantonly disregarding past judgments, appear to this Court to be vexatious and, indeed, repetitive. Plaintiff is not entitled to convert the judicial system into a means for harassment. If she wants for a hobby, the filing of lawsuits will not do.

*Id.* at 20.  Following that decision, on May 18, 2018, the Court ordered a filing injunction due to Jaye's history of filing "vexatious" and "duplicative" litigation regarding the condominium dispute.  No. 17cv5257, D.E.s 131, 132.  Jaye filed motions of various forms for reconsideration, which were denied.

**C.  Other Cases Following the Filing Injunction**

On April 14, 2021, Jaye filed another complaint in this District regarding the condominium dispute, alleging a conspiracy among federal and state judges, government officials, private companies, and their employees.  No. 21cv13126, D.E. 1.  The Court found that Jaye violated the Filing Injunction by failing to attach a copy of it to her Amended Complaint and failing to request

4

leave before filing the case.  No. 21cv13126, D.E. 15 at 4.  The Court ordered Jaye to show that her Amended Complaint states a viable claim for relief and is not barred by claim or issue preclusion principles.  *Id.*  The Court also observed that the Amended Complaint was "filled with innuendo, insults, and exaggeration," repeatedly referring to federal judges as "'lazy, unfit and incompetent,' 'useless,' 'conspiratorial,' and 'treasonous,'" and ordered Jaye to show cause why the Court should not impose sanctions.  No. 21cv13126, D.E. 15 at 3.  Jaye failed to comply with the Court's Order and the Court dismissed the case as a result.  No. 21cv13126, D.E. 22.

On April 19, 2021, Jaye attempted to bring another similar lawsuit in the Southern District of New York alleging, *inter alia*, civil rights and RICO violations.  No. 21cv11546, D.E. 1.  After the case was transferred to this District, the Court, referencing the Filing Injunction, ordered Jaye to show cause as to why her complaint should not be dismissed.  No. 21cv11546, D.E. 18.  Plaintiff failed to comply with the Court's Order, did not show cause, and the Court dismissed the case.  No. 21cv11546, D.E. 19.

On July 15, 2021, Jaye filed yet another similar complaint in the Southern District of Alabama.  No. 22cv35, D.E. 1.  The case was transferred to this District, No. 22cv35, D.E. 29, and the Court identified it as "part of a larger, multiyear campaign of vexatious litigations brought by Plaintiff in various state and federal courts" relating to the condominium dispute, No. 22cv35, D.E. 34 at 1.  With reference to the Filing Injunction, the Court dismissed Jaye's complaint and allowed her 30 days to show cause in compliance with the Filing Injunction.  *Id.* at 2-3.  However, Jaye never filed a petition to show cause why her complaint should proceed.

### D.     This Case

This case began on January 26, 2021, when Jaye filed another similar complaint in the Eastern District of Texas, alleging that various New Jersey state and federal judges, prosecutors, and others violated her civil rights in connection with the condominium dispute.  D.E. 1.  The

Eastern District of Texas transferred the case to this Court, D.E. 9, and the Court, with reference to the Filing Injunction, ordered Jaye to show cause, in writing, why the action should not be dismissed.  D.E. 27 at 6.  The Court recognized that Jaye did not intend to violate the Filing Injunction by filing this case in the Eastern District of Texas but nevertheless ordered her to show cause to uphold the "spirit" of the Filing Injunction.  *Id.* at 5-6.

Jaye unsuccessfully moved for reconsideration, D.E.s 28, 33, and appealed to the Third Circuit, D.E. 34.  The Court stayed the case pending the Third Circuit's decision.  D.E. 33.  On April 27, 2023, the Third Circuit dismissed Jaye's appeal for failure to pay the $1,000 fine previously ordered by the Third Circuit in an appeal of the 15cv8324 matter.  D.E. 51 (citing Civ. No. 18-2197, Order (3d Cir. Aug 1, 2019).  For over a year following the Third Circuit's decision, Jaye has failed to comply with the Court's Order to Show Cause, D.E. 27.  On May 1, 2024, the Court ordered Jaye to comply with the Court's Order to Show Cause, D.E. 27, by May 31, 2024, and warned that failure to do so may result in dismissal.  D.E. 54.  Jaye has failed to do so.  The Court now considers, *sua sponte*, whether to dismiss the action for failure to prosecute.

## II.   LEGAL STANDARD AND ANALYSIS

The Federal Rules of Civil Procedure authorize courts to impose sanctions, including dismissal, for failure to respond to court orders and for failure to prosecute a case.  Fed. R. Civ. P. 41(b).  There is a strong policy favoring decisions on the merits barring substantial circumstances in support of dismissal as a penalty.  *See Hildebrand v. Allegheny Cnty.*, 923 F.3d 128, 132 (3d Cir. 2019).

In *Poulis v. State Farm Casualty Co.*, 747 F.2d 863 (3d Cir. 1984), the Third Circuit developed six factors for courts to balance when deciding whether to impose an involuntary order of dismissal:

> (1) The extent of the party's personal responsibility; (2) the prejudice to the adversary caused by the plaintiff's conduct; (3) the history of dilatoriness; (4) whether the conduct of the party or the attorney was willful or in bad faith; (5) the effectiveness of sanctions other than dismissal, which entails an analysis of alternative sanctions; and (6) the meritoriousness of the claim.

*Id.* at 868.  No single factor is outcome-determinative; dismissal may be appropriate even if some of the factors are not met.  *See Mindek v. Rigatti*, 964 F.2d 1369, 1373 (3d Cir. 1992); *Hicks v. Feeney*, 850 F.2d 152, 156 (3d Cir. 1988).

If a court finds dismissal appropriate under *Poulis*, it may dismiss an action *sua sponte*, pursuant to its inherent powers and Rule 41(b).  *See Iseley v. Bitner*, 216 F. App'x 252, 254-55 (3d Cir. 2007) (*citing Link v. Wabash R.R. Co.*, 370 U.S. 626, 630-31 (1962)).

Here, the *Poulis* factors overwhelmingly favor dismissal.  *First*, Jaye is solely responsible for her failure to comply with the Court's orders in this case and for failing to prosecute her case by making the requisite showing why she states viable claims.

*Second*, Jaye's adversaries have been prejudiced by her vexatious litigation and abuse of the courts, including in this case.  Jaye has named many defendants and counsel has appeared for many defendants.  It was only through the action of the Court in staying this case that the prejudice felt by the defendants was mitigated.  D.E. 27 at 6.  However, the case, while stayed, has remained pending and an appeal was filed.  Diligent counsel must monitor and engage in court processes and Jaye's conduct here has undoubtedly caused unnecessary expense and uncertainty endured by defendants.

*Third*, as outlined in detail *supra*, Jaye has a long history of vexatious and duplicative litigation, violating court orders, and failing to prosecute her many cases.  The Court is hard-pressed to think of a party who has displayed even close to the extent of a history of dilatoriness as Jaye.

*Fourth*, this history weighs heavily in favor of inferring bad faith and willful misconduct by Jaye. Although Jaye did not file this action in this District, instead filing in the Eastern District of Texas, she had no reason to file there and should have known from her history with this dispute that the proper venue was the District of New Jersey. Jaye apparently thought she would have better chances elsewhere or that she would avoid a technical violation of the Filing Injunction in place in this District. Jaye engaged in similar tactics in the 21cv11546 matter. Additionally, Jaye's conduct since filing this case has demonstrated willful disregard of this Court's orders and willful failure to advance her case. Jaye did not comply with the Order to Show Cause, D.E. 27. After the Third Circuit dismissed Jaye's appeal, D.E. 51, she did nothing to prosecute her case. A year later, the Court ordered Jaye to comply with the Order to Show Cause, D.E. 27, by May 31, 2024. D.E. 54. Jaye still did not comply with the Court's Order and still has not shown cause why her complaint should proceed.

*Fifth*, Jaye has demonstrated that lesser sanctions are ineffective. The Third Circuit previously attempted a lesser sanction of a monetary fine of $1,000 for failure to comply with its direction in a related case. Civ. No. 18-2197, Order at 2 (3d Cir. Aug 1, 2019). However, when Jaye filed her appeal of the Court's Order to Show Cause, D.E. 34, the Third Circuit dismissed the appeal because she had not paid the fine. D.E. 51 (citing Civ. No. 18-2197, Order (3d Cir. Aug 1, 2019). Even dismissal of other similar cases, the ultimate sanction, has not stopped Jaye's vexatious and duplicative litigation. *See supra*.

*Finally*, although the Court cannot make a finding on the merits of Jaye's claims here at this junction, it notes that other judges in this District have dismissed similar claims by Jaye in other cases. *See, e.g.*, No. 14cv7471, D.E. 64; No. 17cv5257, D.E. 118. Therefore, the Court will

**DISMISS** this case **_with prejudice_** for failure to prosecute and for failure to comply with the Court's orders.

## III.    CONCLUSION

For the foregoing reasons, this action will be **DISMISSED _with prejudice_**.  An appropriate Order accompanies this Opinion.


Dated:  July 8, 2024

 s/ Evelyn Padin     
Evelyn Padin, U.S.D.J.
